| | |
|---|---|
| SIDNEY SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 3:23-cv-00530 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## <u>MEMORANDUM OPINION</u>

Sidney Smith pleaded guilty to drug trafficking (count one), possessing firearms as a convicted felon (count two), and possessing a firearm in furtherance of a drug-trafficking crime (count three).  The Court sentenced Smith to 156 months' imprisonment on count one and 60 months on count two, to run concurrently, followed by a consecutive 60 months on count three, for a total sentence of 216 months.  Smith now moves under 28 U.S.C. § 2255 to vacate each count of conviction.  He raises four claims.  First, Smith argues that the Court improperly sentenced him as a violent offender on count three.  Second, he argues that the Court improperly sentenced him under the residual clause of 18 U.S.C. § 924(c) on count three.  Third, Smith argues that, after N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), his conviction under 18 U.S.C. § 922(g)(1) on count two is unconstitutional both facially and as applied to him.  Fourth, Smith argues that trial counsel was ineffective for withdrawing a motion to suppress and seeks vacatur of all three convictions on that basis.  For the reasons below, the motion will be denied.

## I.    FACTUAL BACKGROUND

At Smith's plea hearing, his statement of facts, agreed to by Smith and the Government, were accepted by the Court and read into the record. (Doc. No. 90 at 18–21, and Doc. No. 129 at 5, 3:19-cr-00300).  Those facts established that a search of Smith's residence and vehicle

uncovered several controlled substances, a loaded AK-47 rifle, and a loaded Glock pistol that had been reported stolen. (Id.). Smith pleaded guilty to possession with intent to distribute cocaine, methamphetamine, oxycodone, fentanyl, heroin, and marijuana (count one); possessing firearms as a convicted felon (count two); and possessing a firearm in furtherance of a drug-trafficking crime (count three). (Doc. No. 115, 3:19-cr-00300).

At sentencing, the Court distinguished Smith's criminal history from that of the typical defendant with a Criminal History Category VI. The Court observed that, apart from his current counts of conviction and a misdemeanor domestic-assault conviction, it did not "see anywhere that he's ever used a gun" and "other than the domestic assault," did not really "see any violence by Mr. Smith." (Doc. No. 129 at 15–16, 3:19-cr-00300). The Court also explained that his history did not involve "repeated violent . . . activity," "repeated gun possession," or "repeated firearm use," and noted that there was "no use of any firearm" in his prior criminal history other than the conduct underlying the current offenses of conviction. (Id. at 40). Consistent with those observations about Smith's prior criminal history, the Court identified him as a "Non-Violent Offender" in the statement of reasons accompanying the judgment. (Doc. No. 116 at 3, 3:19-cr-00300). The Court sentenced Smith to 156 months on count one and 60 months on count two, to run concurrently, followed by a consecutive 60 months on count three, for a total sentence of 216 months. (Doc. No. 115, 3:19-cr-00300).

Smith now moves under 28 U.S.C. § 2255 to vacate each count of conviction. Smith initially filed his § 2255 motion pro se. (Doc. No. 1). After the Court appointed counsel, counsel filed an amended motion explaining and supplementing the four claims Smith had raised. (Doc. No. 19). The amended motion supplements the claims Smith previously raised and expressly asks the Court to "grant the relief requested in [Smith's] pro se petition." (Doc. No. 19 at 17). Smith's

original motion asks the Court to vacate all three counts of conviction and release him from custody (Doc. No. 1 at 12). The Court therefore considers that requested relief incorporated into the operative amended motion. Smith later filed a pro se motion seeking to supplement his ineffective-assistance claim with an additional theory concerning trial counsel's representation (Doc. No. 25). Because Smith was represented by counsel, the Court declined to consider that filing under Local Civil Rule 83.01(e)(3). (Doc. No. 26 at 1 n. 1).

The Government responded to the third claim concerning Smith's § 922(g)(1) conviction but did not address the remaining claims. (Doc. No. 22). Smith filed a reply addressing that claim (Doc. No. 23), followed by a notice of supplemental authority (Doc. No. 24). The Court later ordered supplemental briefing on whether § 2255 authorizes the Court to adjudicate Smith's § 922(g)(1) challenge given his concurrent sentences (Doc. No. 26), and the parties submitted that briefing (Doc. Nos. 29, 30).

## II.    LEGAL STANDARD

Title 28, Section 2255 of the United States Code authorizes a federal prisoner "claiming the right to be released" to "move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Sixth Circuit has clarified that a "petitioner seeking § 2255 relief must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Gabrion v. United States, 43 F.4th 569, 578 (6th Cir. 2022) (citation omitted). "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude

3

which had a substantial and injurious effect or influence on the proceedings." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (citing Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993)).

III.    ANALYSIS

Smith raises four claims in his petition: (1) that he was improperly sentenced as a violent offender on count three; (2) that he was improperly sentenced under the residual clause of 18 U.S.C. § 924(c) on count three; (3) that his conviction on count two under 18 U.S.C. § 922(g)(1) violates the Second Amendment; and (4) that trial counsel was ineffective for withdrawing a motion to suppress. (Doc. No. 1).

On claims one and two, appointed counsel states that he has "no further argument to make" and explains that the record does not support either claim because Smith was not sentenced as a violent offender or under § 924(c)'s residual clause. (Doc. No. 19 at 2–3). Counsel likewise offers "no further argument" on claim four—Smith's Strickland claim—but does not state whether the record does or does not support that claim. (Id. at 17).

The parties' briefs focus almost exclusively on claim three. Relying on N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), Smith, through appointed counsel, argues that § 922(g)(1) is unconstitutional both facially and as applied to him. (Doc. No. 19 at 4–17). The Government responds that binding Sixth Circuit precedent forecloses Smith's facial challenge and that his prior felony convictions permit his disarmament. (Doc. No. 22 at 2–6). It emphasizes Smith's three prior felony drug convictions and the conduct underlying his current convictions. (Id.). Smith responds that the Court previously found him to be a nonviolent offender and emphasized at sentencing his lack of firearm use prior to the conduct underlying the offense of conviction and limited history of overt violent acts. (Doc. No. 23 at 3–5).

There is, however, a threshold issue with Smith's § 922(g)(1) challenge.  Smith's 60-month sentence on his § 922(g)(1) conviction runs concurrently with his 156-month sentence on count one.  Because vacating Smith's § 922(g)(1) conviction thus would not affect his release from custody, the Court ordered supplemental briefing on whether § 2255 authorizes the Court to adjudicate the claim.  The Government argues that the Court cannot (Doc. No. 29 at 1), while Smith argues that his § 922(g)(1) conviction carries collateral consequences that warrant adjudicating the claim (Doc. No. 30 at 1–6).

The Court addresses each claim in turn, none warrants relief.

A.      Claims One and Two

Smith's first two claims fail because the judgment and statement of reasons establish that he was not sentenced under either provision he now challenges.  (Doc. Nos. 115, 116, 3:19-cr-00300). On claim one, Smith argues that the Court improperly sentenced him as a violent offender. (Doc. No. 1 at 4).  The statement of reasons, however, identifies Smith as a "Non-Violent Offender."  (Doc. No. 116 at 3, 3:19-cr-00300).  Smith was not sentenced as a violent offender.

On claim two, Smith argues that the Court improperly sentenced him under § 924(c)'s residual clause.  (Doc. No. 1 at 5). Section 924(c) imposes additional punishment on a person who possesses a firearm in furtherance of either a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A).  Section 924(c)(3), in turn, defines what qualifies as a "crime of violence."  At the time of Smith's offense, that definition included the so-called residual clause, which treated an offense as a crime of violence if, "by its nature," it "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  The Supreme Court later held that provision unconstitutionally vague.  United States v. Davis, 588 U.S. 445, 470 (2019).  Smith's § 924(c) conviction, however, did not depend on any "crime of violence."  The judgment reflects that Smith

was convicted on count three of possessing a firearm in furtherance of the drug-trafficking crime charged in count one. (Doc. No. 115 at 1, 3:19-cr-00300). His § 924(c) conviction was based on the statute's separate "drug trafficking crime" provision, not its definition of a "crime of violence." Section 924(c)'s residual clause played no role in Smith's conviction or sentence. Smith incorrectly asserts that the Court sentenced him under that provision. Claims one and two will be denied.

  B.  <u>Claim Three</u>

Smith argues that his § 922(g)(1) conviction is unconstitutional both facially and as applied to him. (Doc. No. 19 at 4–17). He also argues that the Court should reach the merits of that challenge even though the 60-month sentence imposed on count two runs concurrently with, and is subsumed by, the 156-month sentence imposed on count one. (Doc. No. 30 at 3–6). The Court addresses that threshold issue first.

Smith relies on the so-called "concurrent sentence doctrine" to argue that the Court may reach the merits of his challenge. (Doc. No. 30 at 3–6). The concurrent sentence doctrine is a "species of harmless-error analysis" that "aims to conserve judicial resources by permitting courts to avoid adjudicating issues when a favorable ruling could not affect prison time or alleviate some other harm." <u>Amaya v. United States</u>, 71 F.4th 487, 491 (6th Cir. 2023). Because the doctrine is discretionary, Smith argues that the Court should reach the merits here. (Doc. No. 30 at 3–4). He reasons that because vacating his § 922(g)(1) conviction would alleviate three collateral consequences: "future sentencing exposure," "impeachment," and "institutional classification and programming decisions within the Bureau of Prisons." (<u>Id.</u> at 5–6). Smith also contends that vacating the conviction itself qualifies as a "release" under § 2255 and that his Second Amendment challenge presents a significant constitutional question. (<u>Id.</u> at 4–6).

Smith's reliance on the concurrent sentence doctrine overlooks the threshold question of whether § 2255 authorizes his claim in the first place. The Sixth Circuit made that distinction clear in Amaya. There, the Sixth Circuit explained that even though the district court correctly declined to reach the merits of the petition, it had incorrectly invoked the concurrent sentence doctrine in doing so rather than first asking "whether Amaya had properly invoked § 2255." 71 F.4th at 491. Section 2255's text controls that threshold inquiry. It permits only a federal prisoner "claiming the right to be released" from custody to challenge his sentence. 28 U.S.C. § 2255(a). According to the Sixth Circuit, that plain language prohibits a court from hearing a § 2255 challenge "that cannot affect a petitioner's 'release[] from custody.'" Amaya, 71 F.4th at 490 (quoting United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995)). Amaya thus made clear that § 2255 does not authorize a challenge based on consequences of a conviction that do not affect the petitioner's release from custody.

The petitioner in Amaya challenged one of three concurrent life sentences, so vacating that conviction would not affect the length of his imprisonment. Id. at 489. Amaya nevertheless argued that the $100 special assessment attached to the conviction made his claim cognizable. Id. at 490. The Sixth Circuit rejected that argument, reasoning that "[c]ustody lies 'at the center of the collateral proceeding,'" and therefore "the prejudice required to obtain relief must ultimately relate to the challenged custody." Id. at 491 (quoting Kassir v. United States, 3 F.4th 556, 566 (2d Cir. 2021)). Because eliminating the special assessment would eliminate only a consequence of the challenged conviction and would not alter Amaya's custody, the court found that the claim fell outside the scope of § 2255. Id. Likewise, here, even if vacating count two eliminated every collateral consequence Smith identifies—future sentencing exposure, impeachment, and Bureau

of Prisons classification decisions—it would not affect his release from custody. Smith's claim thus falls outside of § 2255.

Smith separately argues that <u>Amaya</u> does not foreclose his claim because the petitioner there did not argue that vacating a concurrent sentence would itself constitute a "release" under § 2255, an argument that Smith raises here. (Doc. No. 30 at 4). That is true, but <u>Amaya</u>'s reasoning forecloses the argument. <u>Amaya</u> grounded its analysis in § 2255's requirement that the petitioner claim a right to be "released" from custody. <u>Amaya</u>, 71 F.4th at 490–91. Characterizing vacatur of count two as a "release" does not mean that it would affect Smith's release from custody. Smith's 156-month sentence on count one would remain unchanged even if the Court vacated count two. Smith's claim thus is not authorized under § 2255, and the Court cannot adjudicate it. <u>Id.</u>

Even if the Court could reach the merits, Smith has not established that his § 922(g)(1) conviction violates the Second Amendment. <u>Bruen</u>, decided after Smith's conviction and sentence, requires the Government to justify a firearm regulation by showing that it is consistent with the Nation's historical tradition of firearm regulation. 597 U.S. at 17. Smith argues that § 922(g)(1) is facially unconstitutional because there is no historical tradition of disarming felons as a class. (Doc. No. 19 at 4–13). Alternatively, even if the historical tradition permits disarming some felons, Smith argues that § 922(g)(1) is unconstitutional as applied to him because that tradition extends only to dangerous individuals and he is not dangerous. (<u>Id.</u> at 13–16). Smith relies on the Court's statements at sentencing that he was a nonviolent offender, had no prior history of firearm use, and, apart from a misdemeanor domestic assault, had little history of overt violence. (<u>Id.</u>; Doc. No. 23 at 3–5). The Government responds that Sixth Circuit precedent

applying <u>Bruen</u> to § 922(g)(1) forecloses the facial challenge and that Smith may constitutionally be disarmed because his prior felony drug offenses were dangerous.  (Doc. No. 22 at 2–6).

The Court agrees with the Government.  Smith's facial challenge is foreclosed by binding precedent.  In <u>United States v. Williams</u>, the Sixth Circuit held that because "most applications of § 922(g)(1) are constitutional, the provision is not susceptible to a facial challenge."  113 F.4th 637, 657 (6th Cir. 2024).  Smith acknowledges that holding but maintains that <u>Williams</u> was wrongly decided.  (Doc. No. 19 at 12–13; Doc. No. 23 at 2–3).  This Court is nevertheless bound by <u>Williams</u> and declines Smith's invitation to depart from it.

Smith's as-applied challenge likewise fails under <u>Williams</u>.  The Sixth Circuit explained that § 922(g)(1) may constitutionally disarm individuals who have committed dangerous crimes or whose criminal records otherwise demonstrate that they are dangerous, and the defendant bears the burden of showing that he is not dangerous.  <u>Williams</u>, 113 F.4th at 657–63.  In determining whether a defendant has made that showing, the Court must consider "the individual's entire criminal record—not just the predicate offense for purposes of § 922(g)(1)" and "certain categories of past convictions are highly probative of dangerousness, while others are less so."  <u>Id.</u> at 657– 58. The Sixth Circuit specifically recognized that drug trafficking crimes "while not strictly crimes against the person, may nonetheless pose a significant threat of danger" to the community and "often lead[] to violence."  <u>Id.</u> at 659.  The Sixth Circuit thus held that a "person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed . . . a crime that inherently poses a significant threat of danger" such as "drug trafficking."  <u>Id.</u> at 663.

Smith has not carried his burden under that standard.  His criminal history includes three prior felony drug convictions (<u>see</u> PSR at 12–20, 3:19-cr-00300)—the type of conduct <u>Williams</u> recognizes as dangerous.  <u>Id.</u> at 659, 663.  His current offenses reinforce that conclusion: Smith

9

possessed several controlled substances together with a loaded AK-47 rifle and a loaded stolen Glock pistol. (Doc. No. 90 at 18–21, 3:19-cr-00300).

The Court's statements at sentencing do not establish otherwise. In considering the § 3553(a) factors, the Court observed that Smith had little history of overt violence or firearm use and distinguished his criminal history from that of the typical defendant in Criminal History Category VI. (Doc. No. 129 at 15–16, 40, 3:19-cr-00300). Those observations concerned Smith's personal history of violence and firearm use, not whether he or his prior offenses were dangerous under the distinct inquiry later prescribed by Williams. An offense can demonstrate dangerousness without strictly being a crime against the person. Williams, 113 F.4th at 659, 663. The Court's characterization of Smith as a "Non-Violent Offender" for sentencing purposes therefore does not establish that he is not dangerous or did not engage in dangerous criminal activity. (Doc. No. 116 at 3, 3:19-cr-00300). Smith has not carried his burden to establish that § 922(g)(1) is unconstitutional as applied to him. Claim three will be denied.

C.      Claim Four

Smith's final claim is that trial counsel rendered ineffective assistance by withdrawing a pending motion to suppress against Smith's wishes. He argues in his pro se petition:

> In June of 2021 [counsel] filed a motion to suppress evidence on my behalf. In that same month he withdrew the motion to suppress against my wishes. There was government interference with the attorney-client relationship that precludes effective representation. In my case probable cause did not support the search of my residence, nor did the evidence and statements from the search all of which should have been suppressed in my motion to suppress. I instructed my attorney to motion [sic] the court to suppress all evidence and statements for lack of probable cause. . . .  I seek relief in the court vacating my convictions of count(1)(2)(3) of my sentence on these grounds, and releasing me.

(Doc. No. 1 at 8). Counsel appointed in this § 2255 proceeding did not offer any further argument (Doc. No. 19 at 17), and the Government did not respond in opposition to this claim.

A petitioner seeking relief under § 2255 based on ineffective assistance of counsel must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Smith can make neither showing because trial counsel did not, in fact, withdraw Smith's motion to suppress. Rather, the Court denied the motion as moot after accepting Smith's guilty plea. (Doc. No. 70, 3:19-cr-00300).

The history of Smith's guilty plea confirms that counsel did not abandon the suppression motion and that Smith knowingly chose to relinquish it. The Court held multiple plea hearings over several weeks but twice declined to accept Smith's plea because it was concerned he was not voluntarily relinquishing his rights. (Doc. Nos. 37, 38, 41, 42, 3:19-cr-00300). At the June 16, 2021 hearing—the third proceeding convened for that purpose—the Court reminded Smith that his motion to suppress remained pending, that an evidentiary hearing was scheduled two days later, and that a favorable ruling could benefit his defense. (Doc. No. 56, 3:19-cr-00300; Doc. No. 98 at 5–6, 3:19-cr-00300). The Court also warned that accepting a guilty plea would permanently forfeit the suppression motion and the other litigation options available to Smith. (Doc. No. 98 at 6, 3:19-cr-00300). Smith confirmed that he understood. (Id.).

The Court nevertheless declined to accept the plea because Smith's answers and demeanor continued to suggest hesitation. In explaining that decision, the Court recounted that counsel had filed the motion to suppress with Smith's approval, emphasized that the motion remained set for hearing, and observed that filing it communicated Smith's desire to "fight and challenge these charges." (Id. at 19–22). Because the Court was not persuaded that Smith was voluntarily relinquishing those rights, it left the suppression hearing in place, reset the case for trial, and (rather presciently) explained that it would rather that Smith proceed to trial than accept a plea that would

later become the subject of a § 2255 challenge. (Doc. No. 56, 3:19-cr-00300; Doc. No. 98 at 22–31, 40–41, 3:19-cr-00300).

Two days later, Smith again appeared before the Court for the fourth time and renewed his request to plead guilty. (Doc. Nos. 66, 68, 3:19-cr-00300). After confirming that Smith had sufficient time to consult with counsel, understood their advice, had no complaints about their representation, and personally decided to plead guilty, the Court finally accepted his plea as knowing and voluntary. (Doc. No. 90 at 29–33, 3:19-cr-00300). The Court then denied the motion to suppress as moot because Smith had pleaded guilty. (Doc. No. 70, 3:19-cr-00300 ("Given that the Court accepted Defendant's plea of guilty on June 18, 2021, Defendant's Motion to Suppress Evidence . . . [is] DENIED AS MOOT.") (citations omitted)).

Smith therefore cannot establish deficient performance. Counsel did not withdraw the suppression motion or deprive Smith of the opportunity to litigate it. Smith instead chose to plead guilty after repeated consultations with counsel and after the Court took great care to ensure that he understood the consequences of doing so, including that his plea would foreclose further litigation of the suppression motion. Because the record conclusively refutes the factual basis for Smith's Strickland claim, it fails.

     D.     Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2255 Proceedings 11(a). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Smith cannot make that showing. His first, second, and fourth claims are refuted by the record. His third claim is not cognizable under § 2255 because vacating his § 922(g)(1) conviction would not affect his release from custody. Amaya, 71 F.4th at 490–91. And in any event, both his facial and as-applied challenges fail under binding Sixth Circuit precedent. Williams, 113 F.4th at 657–63. Because reasonable jurists could not debate these conclusions, Miller-El, 537 U.S. at 336, the Court will deny a certificate of appealability.

## IV.     CONCLUSION

For the reasons set forth above, the motion to vacate (Doc. Nos. 1, 19) will be denied. The motion for leave to supplement the motion (Doc. No. 25) will be denied as moot. A certificate of appealability will be denied on all issues.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

13